Jeanne O. SLADE, Appellant,

v.

M.L.E. INVESTMENT CO., E.L.M. Trust
and Edward L. McCoy, Appellees.

No. 95–1753.

Supreme Court of Iowa.

July 23, 1997.

Joseph L. Marks of Marks, Marks &
Marks, Urbandale, for appellant.

Robert M. Holliday and James G. Sawtelle
of Sullivan & Ward, P.C., Des Moines, for
appellees.

Considered by McGIVERIN, C.J., and
LAVORATO, NEUMAN, ANDREASEN,
and TERNUS, JJ.

McGIVERIN, Chief Justice.

Plaintiff Jeanne Slade challenges the district court's dismissal of her petition that alleged defendants wrongfully obtained a foreclosure on a real estate mortgage and were unjustly enriched. Plaintiff also claims that the district court improperly imposed sanctions against her. We affirm in part and reverse in part.

I. *Background facts and proceedings.* This dispute stems from a loan agreement between plaintiff and one of the defendants.

A. *Prior transactions.* On October 9, 1991, plaintiff Jeanne Slade obtained a loan in the amount of $81,570.28 from defendant M.L.E. Investment Company (M.L.E.) in order to redeem two parcels of Des Moines real estate from foreclosure. Slade executed a promissory note in favor of M.L.E. for that amount. As part of the security for the loan, Slade executed a real estate mortgage on one of the parcels (hereinafter referred to as the Clark Street property), naming M.L.E. as mortgagee. As additional security, she executed a warranty deed to M.L.E. on the other parcel (hereinafter referred to as the Ohio Street property). Slade then repurchased the Ohio Street property for $81,-570.28 by means of a real estate installment contract with M.L.E. Slade understood that M.L.E. could foreclose upon its mortgage and forfeit the real estate contract if she failed to repay the loan. Slade was represented by counsel in all of these transactions.

After making one partial payment on the loan, plaintiff Slade defaulted and made no other payments to M.L.E. On September 21, 1992, defendant M.L.E. served Slade with a notice of forfeiture of real estate contract (in connection with the Ohio Street property). *See* Iowa Code § 656.2 (1991). On October 21, 1992, the last day of the statutory thirty-day period for curing the default and avoiding forfeiture of the Ohio Street property, Slade filed an action in district court seeking to enjoin M.L.E. from proceeding with the forfeiture and foreclosure. She was represented by counsel in this action. On the same day, the district court denied Slade's request for an injunction. No appeal was taken from that ruling. Slade failed to cure the default within the thirty-day period provided by Iowa Code section 656.4; thus, the real estate contract was forfeited and M.L.E. owned the Ohio Street property outright upon making the proper filing with the county recorder on October 22, 1992. *See id.* § 656.5.

On November 5, 1992, M.L.E. started a mortgage foreclosure action in district court with regard to the Clark Street property. Again, plaintiff Slade was represented by counsel. During the foreclosure proceedings, Slade did not claim that the prior forfeiture had extinguished her debt to M.L.E., nor did she allege that M.L.E. would be unjustly enriched by taking title to both the Ohio Street and Clark Street properties. The district court entered judgment for M.L.E. against Slade, based on the promissory note, in the amount of $102,230.09 and foreclosed the mortgage on the Clark Street realty. Slade appealed, and we ultimately dismissed her appeal for want of prosecution. *See* Iowa R.App. P. 19(a). At the March 1993 sheriff's sale of the Clark Street property, M.L.E. bid $90,000 of its judgment against Slade and obtained a sheriff's deed to the property.

Later, defendant E.L.M. Trust entered into a contract to sell the Clark Street property to a third party for $25,000, and M.L.E. deeded that property to E.L.M. Trust. M.L.E. sold the Ohio Street property to another party for $80,000.

B. *The present action.* Plaintiff Slade filed the present equity action in district court, contending that the forfeiture of the Ohio Street property extinguished her debt to M.L.E. and that M.L.E. was unjustly enriched by its acquisition of both the Clark Street and Ohio Street properties. Slade alleged liability on the part of defendant E.L.M. Trust by virtue of the transfer of the Clark Street property from M.L.E. to E.L.M. Trust. She alleged that M.L.E. was the alter ego of defendant Edward L. McCoy and that McCoy was thus liable for actions by M.L.E.

Defendants filed a motion for sanctions against plaintiff Slade pursuant to Iowa Rule of Civil Procedure 80. Defendants contended Slade's claim had been adjudicated in

previous actions, including Slade's action seeking an injunction in connection with the forfeiture of the Ohio Street property and the foreclosure action concerning the Clark Street property. They also pointed to Slade's motion seeking withdrawal of defendants' counsel filed several weeks before the trial.

After a bench trial, the court dismissed Slade's petition. It concluded that the forfeiture of the real estate contract for the Ohio Street property did not preclude foreclosure of the mortgage on the Clark Street property and that M.L.E. was not unjustly enriched because: (1) Slade failed, during the foreclosure proceedings, to raise her claim that the forfeiture of the Ohio Street property extinguished her debt to M.L.E.; (2) the bid submitted by M.L.E. at the sheriff's sale of the Clark Street property did not correspond to any benefit M.L.E. received by obtaining title to that property; and (3) Slade failed to prove by a preponderance of the evidence that M.L.E. was unjustly enriched as a result of the forfeiture and foreclosure. The court found no liability on the part of any of the defendants.

In a later order, following a hearing on defendants' motion for sanctions against plaintiff Slade, the trial court imposed sanctions against Slade pursuant to Iowa Rule of Civil Procedure 80(b). The court ordered that before prosecuting any further action against defendants, Slade must first furnish an undertaking secured by surety bond in the amount of $10,000.

Plaintiff Slade appealed both the dismissal of her petition and the imposition of sanctions against her.

■ II. *Standard of review.* Our review in this equity case is de novo. Iowa R.App. P. 4. We give weight to the trial court's findings of fact, especially with regard to the credibility of witnesses, but we are not bound by those findings. Iowa R.App. P. 14(f)(7). We ordinarily review the trial court's orders regarding sanctions for abuse of discretion. *Breitbach v. Christenson,* 541 N.W.2d 840, 845 (Iowa 1995).

III. *Dismissal of plaintiff Slade's petition.* On appeal, plaintiff Slade argues that the trial court improperly dismissed her petition against defendant M.L.E. She contends the court should have determined that the forfeiture of the Ohio Street property satisfied her obligation to M.L.E. for its loan to her and that M.L.E. was unjustly enriched by the foreclosure of the Clark Street property and title to that property being placed in M.L.E.

■ A. *Effect of forfeiture of Ohio Street property on Slade's debt to M.L.E.* Our procedural rules require parties to raise certain claims in a timely manner. Iowa Rule of Civil Procedure 101 provides:

> **Defenses to be specially pleaded.** Any defense that a contract or writing sued on is void or voidable, or was delivered in escrow, or which alleges any matter in justification, excuse, release or discharge, or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded.

Iowa Rule of Civil Procedure 29 provides:

> **Compulsory counterclaims.** A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded.

When plaintiff Slade failed to make payments as required by her real estate installment contract with defendant M.L.E. in connection with the Ohio Street property, she was served with a notice of forfeiture of real estate contract. *See* Iowa Code § 656.2. Because she failed to cure the default within the statutory period and was unsuccessful in obtaining an injunction with regard to the forfeiture, Slade forfeited ownership of the Ohio Street property to M.L.E. This process was completed on October 22, 1992, when M.L.E. filed its affidavit in support of forfeiture of real estate contract with the county recorder. *See id.* § 656.5. Thus, Slade, who was represented by counsel, knew

that the forfeiture was final at the time M.L.E. filed its petition in the foreclosure action against the Clark Street property on November 5, 1992.

Despite that knowledge, plaintiff Slade did not assert as a defensive matter during the mortgage foreclosure proceedings her present claim that the prior forfeiture had extinguished her debt to M.L.E. That claim therefore is barred. Also, after Slade's appeal from the money judgment and decree of foreclosure on the Clark Street property was dismissed, that judgment and decree became final and firm.

■ B. *Unjust enrichment.* "Unjust enrichment is a doctrine of restitution." *Larsen v. Warrington,* 348 N.W.2d 637, 642 (Iowa App.1984) (citing *Smith v. Harrison,* 325 N.W.2d 92, 94 (Iowa 1982)). A plaintiff seeking recovery under this doctrine must prove the defendant received a benefit that in equity belongs to the plaintiff. *Id.* at 643.

■ Plaintiff Slade contends M.L.E. was unjustly enriched by obtaining title to the Clark Street property. However, that argument ignores the fact that when M.L.E. executed on the foreclosure judgment, purchased the property at the sheriff's sale, obtained a sheriff's deed, and later sold the property to a third party, it was only doing what it was entitled to do based on a final and firm judgment. Slade failed to raise either the forfeiture issue or the unjust enrichment issue during the foreclosure proceeding, and M.L.E. received a judgment against her. Because the Clark Street property was sold at the sheriff's sale for less than the amount of the judgment against Slade, there was no overplus required to be paid to Slade under Iowa Code section 654.7. Thus, Slade's rights to the Clark Street property and any proceeds from the sheriff's sale were extinguished.

We agree with the district court and conclude that M.L.E. was not unjustly enriched by obtaining title to the Clark Street property as well as the Ohio Street property.

The trial court properly dismissed plaintiff Slade's latest petition.

IV. *Sanctions.* Noting that plaintiff Slade had brought eight actions, five of which had been dismissed, against defendants in less than five years, the district court imposed sanctions against her under Iowa Rule of Civil Procedure 80(b). The court ordered that before prosecuting any further action against defendants, Slade must furnish a surety bond to pay costs and reasonable attorney fees of defendants. The court also provided: "This order is prospective only and does not apply to any action presently on file."

Slade argues that sanctions under that rule are inappropriate because: (1) M.L.E. referred only to rule 80(a) in its motion for sanctions; (2) the court had no authority to impose sanctions because it failed to expressly find that the actions brought by Slade against defendants were frivolous; and (3) rule 80(b) applies only to pending actions. Because we conclude that rule 80(b) is inapplicable in this case, we find it unnecessary to address Slade's other arguments in connection with the district court's imposition of sanctions.

■ Iowa Rule of Civil Procedure 80(b) provides:

> If a party commencing an action has in the preceding five-year period unsuccessfully prosecuted three or more actions, *the court may,* if it deems the actions to have been frivolous, *stay the proceedings* until that party furnishes an undertaking secured by cash or approved sureties to pay all costs resulting to opposing parties to the action including a reasonable attorney fee.

(Emphasis added.) Although we have not previously had occasion to address the applicability of this provision, our review in the present case convinces us that rule 80(b) was not intended to apply to actions not yet filed. We believe the language referring to a party "commencing an action" and authorizing the court to "stay the proceedings" clearly indicates the rule is designed to provide relief in actions that already have been filed rather than in possible future lawsuits. *Cf. Tiffany v. Brenton State Bank,* 508 N.W.2d 87, 88 (Iowa App.1993) (involving motion for sanctions under Iowa Rule of Civil Procedure 80(b) to stay an action while it was pending).

In the present case, however, the district court ordered plaintiff Slade to furnish an undertaking secured by surety bond in any *future* action against defendants. We conclude that Iowa Rule of Civil Procedure 80(b) provides no authority for such a sanction and thus that the district court erred when it applied the rule here. Under the terms of rule 80(b), the district court's ruling was premature.

V. *Disposition.* We affirm the judgment of the district court dismissing plaintiff Slade's petition against defendants. We reverse the judgment of the district court imposing sanctions against Slade. Costs on appeal are taxed three-fourths to plaintiff Slade and one-fourth to defendant M.L.E.

**AFFIRMED IN PART AND REVERSED IN PART.**