# IN THE SUPREME COURT OF IOWA

No. 20–0710

Submitted March 23, 2021—Filed May 14, 2021

**RICKIE RILEA,**

  Appellant,

vs.

**STATE OF IOWA, IOWA DEPARTMENT OF TRANSPORTATION, DAVID LORENZEN,** in his Official Capacity of Director of the Iowa Department of Transportation Motor Vehicle Enforcement Division, **MARK LOWE,** in his Official Capacity as the Director of the Iowa Department of Transportation Motor Vehicle Division, and **PAUL TROMBINO III,** in his Official Capacity as Director of the Iowa Department of Transportation,

  Appellees.

---

Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.

The plaintiff appeals the district court's grant of summary judgment dismissing his unjust enrichment claims. **AFFIRMED.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Brandon Brown and Jessica Donels of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, David S. Gorham, Special Assistant Attorney General, and Robin G. Formaker, Assistant Attorney General, for appellees.

**McDERMOTT, Justice.**

In 2016, Rickie Rilea received a ticket for speeding in a construction zone issued by an Iowa Department of Transportation (IDOT) Motor Vehicle Enforcement officer. He pleaded guilty to the charge and paid the $465 associated fine. He later filed a lawsuit challenging the legal authority of IDOT officers to issue traffic citations. On appeal of that issue, we held that IDOT officers at the time lacked authority to stop vehicles and issue citations for offenses unrelated to operating authority, registration, size, weight, and load. *Rilea v. Iowa Dep't of Transp.*, 919 N.W.2d 380 (Iowa 2018).

In the same lawsuit, Rilea sued the State of Iowa, the IDOT, and several individual IDOT officials contesting the payments the State collected (prior to a law change in May 2017) from fines resulting from convictions on unauthorized IDOT-issued citations. In this aspect of his case now before us, Rilea contends that the defendants improperly reaped the benefit of fines from these tickets, and that he and others like him should have their payments returned to them. His petition includes a request to certify the matter for class-action relief to address the thousands of citations that IDOT officers issued without authority for decades. In this count of his lawsuit, he pleads his cause of action against the defendants as one of unjust enrichment.

The defendants moved for summary judgment, arguing that (1) they were entitled to sovereign immunity, (2) the defendants were not unjustly enriched, and (3) Rilea's claim was barred as an improper collateral attack on his speeding ticket conviction. The district court resolved the first issue in Rilea's favor, holding that sovereign immunity didn't apply. On the second issue, it held as a matter of law that no claim for unjust enrichment could lie against any defendants *except* the State of Iowa. And on the third

issue, the district court held that the unjust enrichment claim was indeed an improper collateral attack on Rilea's conviction, thus warranting dismissal of Rilea's lawsuit.

Rilea appeals, challenging only the third issue—whether his unjust enrichment claim is an improper collateral attack on his speeding ticket conviction. We review rulings on motions for summary judgment to correct legal error. *Pitts v. Farm Bureau Life Ins.*, 818 N.W.2d 91, 96 (Iowa 2012). We're confronted with a purely legal question; the material facts of the case are straightforward and undisputed.

Unjust enrichment is a doctrine of restitution. *Smith v. Harrison*, 325 N.W.2d 92, 94 (Iowa 1982). It requires a plaintiff to prove the defendant received a benefit at the expense of the plaintiff under circumstances that make it unjust for the defendant to retain the benefit. *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 80 (Iowa 2020). The circumstances giving rise to an unjust enrichment cause of action might more appropriately be labeled "*unjustified enrichment*" seeing as our focus centers on whether there has been a "transfer of a benefit without adequate legal ground." Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. *b* at 6 (Am. L. Inst. 2011). In this case, Rilea's unjust enrichment claim seeks to disgorge from the State an acquired benefit (money) based on the State's alleged wrongful interference with Rilea's rights (a fine arising from an unlawful IDOT-issued ticket). *See Id.* § 3, at 22 ("A person is not permitted to profit by his own wrong."). Because a plaintiff must show that the circumstances make it "unjust" for the defendant to retain the benefit, the circumstances in which the claim arises often determine whether the law will treat the particular enrichment as "unjust" for purposes of imposing liability.

The circumstances of Rilea's unjust enrichment claim for the return of his criminal fine payment arises in the context of a criminal prosecution and, more particularly, a criminal conviction. Rilea's guilty plea to the speeding charge gave rise to the associated fine. Rilea paid the fine borne of his conviction.

Rilea is entitled to the return of money he paid if what he paid belonged to him and not to the State. *Smith*, 325 N.W.2d at 94. But the money Riley paid was owed to the State as court debt because Rilea was adjudicated guilty in state district court. Iowa Code § 602.8107(1)(*a*) (2016) (defining "court debt" to include fines, penalties, court costs, and surcharges). And court debt is "owed and payable to the clerk of the district court." *Id.* § 602.8107(2). The fine is separate from the underlying citation. The payment Rilea made was a product of a court's adjudication.

In *Smith v. Harrison,* we analyzed an unjust enrichment claim in circumstances where a tenant (Harrison) received benefits from a discounted rental rate on a farm lease with a landlord who shortly thereafter became the ward in a conservatorship. 325 N.W.2d at 94. We said:

> Any benefits received by Harrison were received pursuant to the lease. It was not unjust for him to receive them *unless the lease should be set aside.* Thus a ground for invalidating the lease must be established before a basis for restitution exists.

*Id.* (emphasis added). We found no ground to invalidate the lease and, thus, found no liability under an unjust enrichment theory.

Rilea doesn't claim a speeding conviction didn't occur; the court made an adjudication that Rilea committed the crime. Rilea, in this very case, has admitted again that he committed the charged traffic offense. The fact has been indisputably established. The State, in receiving payment of Rilea's fine, was "only doing what it was entitled to do based

on a final and firm judgment." *Slade v. M.L.E. Inv. Co.*, 566 N.W.2d 503, 506 (Iowa 1997) (finding no liability under an unjust enrichment theory).

As the district court correctly held, the State's retention of Rilea's payment of the fine would only become unlawful if the underlying conviction were overturned. Rilea concedes, as he must, that a conviction by a court of competent jurisdiction ordinarily isn't subject to collateral attack except through a postconviction relief challenge under the procedures in Iowa Code chapter 822. Rilea's conviction has never been challenged, let alone overturned. By now, any motions he might file in his criminal case would be untimely, and even the three-year statutory period to file an application for postconviction relief has expired. *See* Iowa Code § 822.3.

A collateral attack is an attempt to impeach a judgment before a court other than the one that rendered it, in an action other than the one in which it was rendered, in "an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." *Fetters v. Degnan*, 250 N.W.2d 25, 30 (Iowa 1977) (quoting 49 C.J.S. *Judgments* § 408) (upholding the revocation of a defendant's driving privileges following the defendant's improper collateral attack on his operating-while-intoxicated judgment). Rilea's unjust enrichment claim launches no attack on, and thus leaves intact, the criminal conviction that created the fine that he now wants returned to him. Yet the undisturbed conviction requires us to leave undisturbed too the State's lawful receipt of the fine that accompanied it.

Because the district court correctly dismissed Rilea's cause of action for unjust enrichment against the State as an unlawful collateral attack on his criminal conviction, we affirm the dismissal of his petition.

**AFFIRMED.**