# IN THE COURT OF APPEALS OF IOWA

No. 22-1706
Filed September 27, 2023

**IA PIZZA, INC.,**
        Plaintiff-Appellee,

**vs.**

**ROBERT D. SHERWOOD,**
        Defendant-Appellant.

**SHERWOOD HOLDINGS, L.L.C.**
        Intervenor-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Michael Jacobsen,

Judge.


        Sherwood Holdings, L.L.C. and Robert Sherwood appeal a grant of

summary judgment for IA Pizza, Inc. **AFFIRMED.**


        David J. Hellstern of Sullivan & Ward, P.C. (until withdrawal), West Des

Moines, and Sarah K. Franklin of Dentons Davis Brown PC, Des Moines, for

appellants.

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellee.


        Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Sherwood Holdings, L.L.C. (Sherwood Holdings) and Robert D. Sherwood appeal a grant of summary judgment for IA Pizza, Inc. (IA Pizza). Because the district court applied the correct standard for summary judgment, we affirm its grant and the dismissal of the counterclaims.

## I.    *Background Facts and Proceedings.*

In 2016, IA Pizza sold a Sarpino's Pizzeria franchise to Sherwood Holdings. Sherwood Holdings financed $441,000 of the $545,000 purchase price with a Small Business Administration (SBA) loan and paid an additional $29,500 directly at the closing of the sale. The remaining balance owed by Sherwood Holdings was financed by IA Pizza. Robert D. Sherwood and Laura A. Merkler, the owners of Sherwood Holdings, personally guaranteed the IA Pizza loan with a $74,500 promissory note. Pursuant to the SBA loan requirements, Sherwood Holdings executed a subordination agreement which prioritized the SBA loan obligations over the IA Pizza promissory note.

The defendants defaulted on payments, and IA Pizza sought judgment against Sherwood and Merkler individually for repayment of the promissory note. Sherwood Holdings intervened, counterclaiming IA Pizza made false, fraudulent representations to Sherwood Holdings before the sale and did not disclose material information related to the transaction. While Sherwood Holdings admitted it was aware certain workers were classified as independent contractors, it claimed IA Pizza failed to disclose it was not following IRS guidelines in classification and treatment of these workers. Sherwood similarly asserted that IA Pizza was engaging in illegal employment practices. He contended IA Pizza was improperly

exerting control over workers and then subsequently misclassifying them as independent contractors. He also alleged one worker was "paid cash under the table." Based on these alleged misrepresentations, the purchase price was inflated because the business's net income did not take into account unpaid employment taxes and similar expenses.

During discovery, IA Pizza served Sherwood and Merkler with requests for admissions. Neither Sherwood nor Merkler responded to these requests. As a result, the district court deemed them admitted pursuant to Iowa law. *See* Iowa R. Civ. P. 1.510(2). Following these deemed admissions, IA Pizza moved for summary judgment. The district court granted this motion and dismissed the remaining claims. Sherwood and Sherwood Holdings now jointly appeal, claiming summary judgment and dismissal were improper.[1]

### II.     Review.

We review the district court's summary judgment ruling for correction of errors at law. *Susie v. Fam. Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020). "We review the facts in the light most favorable to the nonmoving party." *Id.* at 337. Grant of summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Id.* at 336 (quoting Iowa R. Civ. P. 1.981(3)). "Even if the facts are undisputed, summary judgment is not proper if reasonable minds could draw different inferences from them and thereby reach different conclusions." *Hedlund v. State*, 930 N.W.2d 707, 715 (Iowa 2019) (quoting *Banwart v. 50th St. Sports,*

---

[1] Merkler neither resisted summary judgment nor appealed.

*L.L.C.*, 910 N.W.2d 540, 544–45 (Iowa 2018)). Therefore, we do not weigh the evidence, but limit our review to whether the district court erred in its application of the law. *Id.*; *Kern v. Palmer Coll. of Chiropractic*, 757 N.W.2d 651, 661 (Iowa 2008).

### III. Discussion.

The appellants allege the district court erred by granting summary judgment on three separate theories. We review each basis in turn.

*A. Standard for Summary Judgment.*

First, the appellants claim the district court neglected to view the evidence in the light most favorable to their side. While the appellants admit they were aware certain workers were classified as independent contractors, they specifically contend the district court failed to consider evidence proving IA Pizza did not follow IRS guidelines. They further argue this is material to summary judgment because nondisclosure is a breach of their purchase agreement, discharging their obligation to perform under the contract. *See Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641 (Iowa 2000).

Viewing the evidence in the light most favorable to the appellants, we find that this claim fails. The summary judgment motion focused on the obligations of the personal guarantors, Sherwood and Merkler. The evidence provided by the appellants does not contradict the undisputed facts of the case. Sherwood and Merkler signed the promissory note, were obligated to make monthly payments, failed to make such payments, were not parties to the subordination agreement, and do not contest Sherwood Holdings was not in default on the senior loan. These facts were deemed admitted by the court when the appellants failed to

respond to requests for admissions. *See* Iowa R. Civ. P. 1.510(2). The appellants do not argue against any of these admissions.

While the appellants claim we have allowed presentation of exhibits as an alternative to disputing facts, this is distinguishable. *See Ishman v. Featherlite, Inc.*, No. 08-0372, 2009 WL 605998, at *2 (Iowa Ct. App. Mar. 11, 2009) (refusing to deem admitted a statement of undisputed facts when the other party presented exhibits challenging some of the factual assertions). The exhibits here do not counterargue the admitted facts; instead, they provide additional argument and clarification. Even viewing those exhibits in the appellants' favor, they fail to dispute the core of the summary judgment motion. Therefore, because the district court correctly viewed the evidence in the light most favorable to the appellants, summary judgment was proper on this basis.

*B. Merits of Summary Judgment and Dismissal of Remaining Claims.*

Next, the appellants argue the remainder of the summary judgment was improper because their counterclaims should not have been dismissed. Instead, they assert there was sufficient evidence for the claims to survive summary judgment.

*1. Breach of Contract.*

The appellants assert there is sufficient evidence to establish genuine issues of material fact on the breach of contract claim.

> To prove a breach of contract claim, a party must show: "(1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach."

*Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 111 (Iowa 2013) (quoting *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998)). "The first three elements address the existence of the contract." *Id.* The parties do not dispute whether a contract exists but only whether a breach occurred. A breach occurs when a party fails to perform a duty of the contract. *Molo Oil Co.*, 578 N.W.2d at 224. Therefore, we focus our attention on the last two requirements.

To survive a summary judgment motion, the nonmoving party "may not rest upon the mere allegations or denials in the pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5). There is no dispute that Sherwood and Merkler were aware of the independent contractor status of workers; however, the parties disagree upon whether the alleged misclassification was disclosed. Further, the appellants argue the financial records misconstrued the profitability of the franchise because they did not account for the proper employment-related expenses being paid. If either allegation is established, there is a breach of contract based on the express terms of the purchase agreement. In the agreement, IA Pizza "warrants, to the best of Seller's knowledge, that there are no past violations of laws or regulations" that would subject business assets to revocation or prevent licensure and that "the books, accounts, records and other documents relating to the sale of the business are true and correct." But the purchase agreement also places responsibility on Sherwood Holdings because it states, "[Sherwood Holdings] has been afforded an opportunity to review and inspect the books, and records of the business prior to closing, and have inspected the same to their satisfaction."

In support of their argument, the appellants specifically point to two items: (1) a personal affidavit and (2) email correspondence between the parties. We do not evaluate the proffered evidence for its credibility but instead consider whether reasonable minds could differ. *See Hedlund*, 930 N.W.2d at 715. Further, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See* Iowa R. Civ. P. 1.981(5). The first item is Sherwood's affidavit. In it, Sherwood claims that, while he was aware of the independent contractor status of workers, IA Pizza never disclosed it was engaging in illegal employment practices that inflated the business's profitability. In his affidavit, Sherwood describes the disclosures made to him prior to transaction closing. He also hints to specific discoveries that may reflect a breach by IA Pizza. Finally, he proposes a figure of alleged damages and roughly explains his calculations. Sherwood would clearly have been permitted to testify to his personal knowledge of these events, and there is no reason to believe the evidence would be inadmissible. *See McCarney v. Des Moines Reg. & Trib. Co.*, 239 N.W.2d 152, 157 (Iowa 1976).

But without more evidence to suggest an actual genuine issue for trial, this is not sufficient. Iowa R. Civ. P. 1.981(5). The appellants do not present specific facts of a breach of contract by IA Pizza. They broadly claim violation of IRS guidelines without citing to any regulations or law. They also fail to provide what activities and methods of control IA Pizza engaged in that allegedly violated such regulations. Regarding potential damages, the appellants neglected to break down the calculation and show the actual impact on the business outside of simple

conjectures. Finally, the appellants do not explain how the district court actually committed error absent conclusory statements. Even viewing the affidavit in the light most favorable to the appellants, a reasonable mind could not find it presents a material issue without more information.

The second piece of cited evidence is a set of email correspondence between Sherwood and IA Pizza. Through email, Sherwood and Merkler reached out to IA Pizza pre-lawsuit to discuss the alleged breach and provide a calculation of the damages they believed were owed. Sherwood and Merkler also claim they tried to address concerns about the status of workers pre-transaction, but their request for more detailed information was not fulfilled. This exchange provides little more than general allegations and does not cite to specific admissible facts. *See* Iowa R. Civ. P. 1.981(5). It does not provide any real evidence of breach or calculation. Even when combined with Sherwood's affidavit, this is not sufficient evidence to survive a summary judgment motion. Therefore, the district court did not err when dismissing this counterclaim.

*2. Fraudulent Misrepresentation.*

Next, the appellants claim the district court erred in dismissing the fraudulent misrepresentation claim. To establish fraudulent misrepresentation, a party must prove: "(1) representation; (2) falsity; (3) materiality; (4) scienter; (5) intent; (6) justifiable reliance; and (7) resulting injury . . . by a preponderance of clear, satisfactory, and convincing evidence." *Smidt v. Porter*, 695 N.W.2d 9, 22 (Iowa 2005) (internal citation omitted). In particular, we focus on the fourth and fifth requirements. "Scienter and intent to deceive may be shown when the speaker has actual knowledge of the falsity of his representations or speaks in

reckless disregard of whether those representations are true or false." *Van Sickle Constr. Co. v. Wachovia Com. Mortg., Inc.*, 783 N.W.2d 684, 688 (Iowa 2010) (quoting *Garren v. First Realty, Ltd.*, 481 N.W.2d 335, 338 (Iowa 1992)).

While the appellants point to specific facts in Sherwood's affidavit that may suggest misrepresentations were made, they do not show IA Pizza had any ill intentions. The appellants cite to the email correspondence as providing sufficient evidence of fraudulent intent, but the emails do not show actual knowledge or reckless disregard of false representations. *See id.* Instead, the emails only show a brief exchange regarding a worker's bonus check, which hardly establishes an intent to deceive. On this basis alone, their claim of fraudulent misrepresentation fails and the district court did not err when it dismissed the claim. We affirm the dismissal of this claim.

*3. Fraudulent Nondisclosure.*

Third, the appellants argue their fraudulent nondisclosure claim was similarly dismissed in error. The failure to disclose material information rises to the level of fraud if there is a duty to communicate the concealed fact. *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 174 (Iowa 2002). There is a recognized duty to disclose when the parties are involved in a transaction. *Id.* Fraudulent nondisclosure may arise "when one with superior knowledge . . . purposely suppresses the truth respecting a material fact involved in the transaction." *Id.* (quoting *Kunkle Water & Elec., Inc. v. City of Prescott*, 347 N.W.2d 648, 653 (Iowa 1984)).

The appellants argue IA Pizza had an affirmative duty to disclose based on its obligations under the purchase agreement and the nature of the relationship

being transactional. *See id.* However, for the same reasons stated above, they fail to provide evidence of intent. There is a minimum level of active or passive concealment required. *Wilden Clinic, Inc. v. City of Des Moines*, 229 N.W.2d 286, 293–94 (Iowa 1975) ("[T]he party sought to be charged must have had knowledge of the facts which, it is asserted, he allowed to remain undisclosed . . . ."). The appellants did not provide sufficient evidence of knowledge to prove IA Pizza's required intent for fraudulent nondisclosure or concealment. *See id.* Therefore, absent additional evidence, we affirm the district court's dismissal of the claim.

*4. Conversion.*

The fourth claim at issue is for conversion. To establish a claim for conversion, the appellants must prove: "(1) that [plaintiff's] ownership or other possessory right in certain property exceeded the defendants' rights in the property, (2) that one or more of the defendants exercised 'dominion or control' over the property inconsistent with his possessory right in it, and (3) that he suffered damages as a result." *Larew v. Hope Law Firm, P.L.C.*, 977 N.W.2d 47, 60–61 (Iowa 2022) (citation omitted). "[C]onversion is the civil counterpart to *theft.*" *Id.* at 63 (emphasis in original) (citation omitted).

The appellants claim IA Pizza converted their property by attempting to collect the promissory note balance from the personal guarantors. Further, they assert Sherwood Holdings's damages should be allowed to offset any recovery. But "no conversion claim exists where the dispute arises solely out of contractual obligations." *Id.* The appellants present no evidence of IA Pizza exercising control over their property unrelated to the contract dispute. This is not a sufficient basis

for a conversion claim, and similarly, summary judgment was proper. We affirm the district court's dismissal.

    5. *Unjust Enrichment.*

    The appellants' final counterclaim is for unjust enrichment. They assert their claim is directly related to the breach of contract. If the breach of contract counterclaim survives, the unjust enrichment was improperly dismissed because it should have been considered as an equitable remedy. Unjust enrichment is an equitable claim requiring a plaintiff to establish "the defendant received a benefit that in equity belongs to the plaintiff." *Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 577 (Iowa 2019) (quoting *Slade v. M.L.E. Inv. Co.*, 566 N.W.2d 503, 506 (Iowa 1997)). The underlying principle is that one party should not receive an unwarranted benefit at another party's expense. *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 80 (Iowa 2020). To prove an unjust enrichment claim, a party must show: "(1) enrichment of the defendant, (2) at the expense of the plaintiff, (3) under circumstances that make it unjust for the defendant to retain the benefit." *Id.* (quoting *Behm*, 922 N.W.2d at 577). Unjust enrichment can be used as a defense, even in the case of a breaching party, to offset damages awarded. *Id.* The court similarly is required to conduct such an analysis when applicable and argued. *Id.* (holding administrative agency erred when not analyzing unjust enrichment claim as a damage offset rather than on a separate basis for recovery).

    Because the appellants have not presented sufficient evidence for the breach-of-contract claim to survive summary judgment, the unjust enrichment similarly fails. The unjust enrichment counterclaim necessarily hinges on the breach of contract. Without sufficient evidence for a breach-of-contract claim,

there is no need for the district court to consider unjust enrichment as a damage offset. *See id.* Because the district court did not err in dismissing the breach-of-contract claim, it similarly did not err when dismissing the unjust enrichment. For this reason, we affirm.

### C. Violation of Subordination Agreement.

Finally, the appellants contend the subordination agreement was (1) violated and (2) applicable even if Sherwood and Merkler were not parties to it. The subordination agreement provided that the debt under the promissory note (and guaranteed by Sherwood and Merkler) was subordinate to the U.S. Bank loan. Further, it defined the subordinated debt as "all other debts and obligations of [Sherwood Holdings] to [IA Pizza], . . ., whether individually or jointly with others." The agreement prevents IA Pizza from demanding payment or filing suit for the obligation. Generally, unambiguous contract language is enforced as written. *Prudential Ins. Co. of Am. v. Randy & Reed Powers P'ship*, 972 F. Supp. 1194, 1204 (N.D. Iowa 1997). However, enforcement of a contract requires some showing beyond the contract language when the enforcer is not a party. *See Olney v. Hutt*, 105 N.W.2d 515, 518 (Iowa 1960). Sherwood makes no argument that he is entitled to enforcement of the contract based on a third-party theory. Therefore, we do not consider it here and instead affirm the district court's ruling. *See* Iowa R. App. P. 6.903(2)(g)(3) (waiving issues that are inadequately argued on appeal).

### IV. Disposition.

Because the district court correctly viewed the evidence in the light most favorable to the nonmoving party, summary judgment was proper. Similarly,

because there was insufficient evidence to survive a summary judgment motion, dismissal of the counterclaims was also proper.  Therefore, we affirm.

    **AFFIRMED.**